UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00091 |
| | CIVIL ACTION NO. 17-757 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AARON WIKKERINK | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 52) filed by the Petitioner, Aaron Wikkerink ("Wikkerink"). Wikkerink seeks an order from the Court vacating or reducing his sentence. For the reasons set forth below, Wikkerink's motion is **DENIED**.

## BACKGROUND

On October 1, 2014, pursuant to a written plea agreement, Wikkerink pled guilty to Count One of the Bill of Information charging him with Sexual Exploitation of a Minor/Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(2)(a) and (e). See Record Document 28. On January 30, 2015, Wikkerink was sentenced to 360 months of imprisonment and a five-year term of supervised release. This sentence is above the 180 to 240 month sentencing guideline range but within the 15 to 40 year statutory sentencing range. See Record Document 30. Wikkerink filed a Notice of Appeal on February 16, 2015. See Record Document 33. Upon appeal to the 5th Circuit Court of Appeals, Wikkerink challenged the district court's application of sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and U.S.S.G. § 4B1.5(a). The district court's sentence was

affirmed on October 31, 2016 and was filed into the Court Record on November 22, 2016. See Record Document 51.

Wikkerink, proceeding *pro se*, now brings a timely Section 2255 motion. Wikkerink contends the district court lacked both subject matter and territorial jurisdiction and, as result, was without jurisdiction to sentence him. See Record Document 52.

## LAW AND ANALYSIS

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255. After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232.

Wikkerink's 112-page motion appears to argue his sentence must be vacated because the sentencing court lacked territorial, personal, and subject matter jurisdiction. See Record Document 52. Wikkerink's reply to the Government's Answer more succinctly outlines his argument. See Record Document 56. Generally, Wikkerink contends the "Territory of the Western District of Louisiana" does not qualify as a territory under Article I, Section 8 of the United States Constitution and thus this Court cannot maintain territorial

jurisdiction over him. Id. Wikkerink further argues there is no subject matter jurisdiction because he has not entered into contract with the United States nor is he an officer, employee, or elected public official. See id. In order to be subjected to the Court's jurisdiction, Wikkerink believes he must either consent to or contract with the United States. Because he has neither consented nor contracted, Wikkerink asserts, he is completely beyond the jurisdiction of the United States and this Court. See id.

Wikkerink's petition is "a hodgepodge of unsupported assertions." Crain v. Commissioner of Internal Revenue, 737 F.2d 1417, 1418 (5th Cir. 1984). This Court clearly has original jurisdiction over all offenses against the laws of the United States. See 18 U.S.C. § 3231 (1985). To claim, as Wikkerink does, that subject matter jurisdiction only exists when an individual contracts with the United States is a misinterpretation of the Constitution and laws of the United States. Furthermore, Wikkerink's claim that he is a "non-resident alien" who is not subjectable to personal jurisdiction of the Court is without merit. The Court further finds the remaining 100 pages of Wikkerink's motion contain "no colorable claims of error" that need be addressed by this Court. Crain, 737 F.2d at 1418.

## CONCLUSION

The Court finds Wikkerink has failed to present any grounds on which the Court may grant relief under 28. U.S.C. § 2255.

Accordingly,

**IT IS ORDERED** that Wikkerink's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 52) be and hereby is **DENIED.**

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 22nd day of September, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT