# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA       CRIMINAL ACTION NO. 14-00091-01

VERSUS       JUDGE S. MAURICE HICKS, JR.

AARON WIKKERINK       MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Before the Court is a "Motion to Clarify and Remove Enhancement as Inappropriate to Instant Offense" filed by Defendant Aaron Wikkerink ("Wikkerink"). See Record Document 71. Wikkerink's *pro se* motion was filed on October 16, 2019. For the reasons set forth below, Wikkerink's Motion is **denied**.

On February 2, 2015, Wikkerink was sentenced to 360 months of imprisonment and a five-year term of supervised release, which is within the 15 to 40 year statutory sentencing range. See Record Document 30. Wikkerink appealed the imposed sentence on February 16, 2015. See Record Document 33. Upon appeal to the 5th Circuit Court of Appeals, Wikkerink challenged the district court's application of sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and U.S.S.G. § 4B1.5(a). After reviewing the district court's decision for plain error, the 5th Circuit held that while the district court erred in its guideline calculation, the error did not affect the fairness, integrity, or public reputation of the judicial proceedings. See U.S. v. Wikkerink, 841 F.3d 327, 338 (5th Cir. 2016).

This Court believes applying § 4B1.5(a) of the sentencing guidelines to enhance Wikkerink's sentence did not create a "miscarriage of justice" such that Wikkerink is entitled to resentencing. Id. at 339. Moreover, these very issues were addressed on direct

appeal and the Court may not modify a term of imprisonment once it has been imposed unless the defendant complies with the procedural requirements of 18 U.S.C. § 3582 and makes a showing of extraordinary and compelling reasons for a sentence modification. See 18 U.S.C. § 3582. Wikkerink has neither complied with the procedural requirements of the statute nor shown extraordinary and compelling reasons.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Wikkerink's *pro se* "Motion to Clarify and Remove Enhancement as Inappropriate to Instant Offense" (Record Document 71) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT